IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL RAY HILL,<br>    Petitioner,<br>  vs.<br>V. M. ALMAGER, Warden,<br>    Respondent. | No. C 07-3229 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket No. 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Los Angeles in Lancaster, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has filed a motion to proceed *in forma pauperis* which is now GRANTED (docket no. 3). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was sentenced to 184 years in state prison after a jury trial in Monterey County Superior Court and conviction on multiple counts of domestic violence, including assault and sexual assault, criminal threats, false imprisonment, and violation of a protective order. Petitioner appealed his conviction to California Court of Appeal, which denied the appeal in 2005. The Supreme Court of

California denied his petition for review in 2006. The instant federal habeas petition was filed on June 19, 2007.

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

II    Legal Claims

The petition raises the following ground for relief: 1) Petitioner suffered ineffective assistance of counsel under the Sixth Amendment based on counsel's failure to prepare a defense; 2) the trial court erred in finding that consecutive sentences were required under state law; and 3) Petitioner's sentence to the upper term and to consecutive

2

terms violates his rights under the Fifth, Sixth and Fourteenth Amendments. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on claims one and three. Petitioner's second claim alleges an error in the interpretation or application of state law, which is not cognizable in federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994); *see, e.g., Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief). Accordingly, Respondent is ordered to respond to claims one and three in the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**

1 | days of receipt of the motion, and Respondent shall file with the Court and serve on
2 | Petitioner a reply within **fifteen (15)** days of receipt of any opposition.
3 |     4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep
4 | the Court informed of any change of address by filing a separate paper captioned "Notice
5 | of Change of Address." He must comply with the Court's orders in a timely fashion.
6 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
7 | to Federal Rule of Civil Procedure 41(b)
8 |     IT IS SO ORDERED.
9 | DATED: October 30, 2007

JEFFREY S. WHITE
United States District Judge

4

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

RONNELL RAY HILL,

       Plaintiff,

  v.

V.M. ALMAGER et al,

       Defendant.

Case Number: CV07-03229 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronnell Ray Hill
C.S.P. Los Angeles County
P.O. Box 8457
V46928
Lancaster, CA 93539

Dated: October 30, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk