IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL RAY HILL,<br><br>    Petitioner,<br><br>vs.<br><br>V. M. ALMAGER, Warden,<br><br>    Respondent. | No. C 07-3229 JSW (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME**<br><br>(Docket Nos. 7 & 8) |

    Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Los Angeles in Lancaster, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Respondent has been ordered to show cause why the petition should not be granted. Good cause appearing, Respondent's request for an extension of time, to and including April 29, 2008, (docket no. 8) in which to file an answer or motion to dismiss is GRANTED.

    Petitioner has filed a motion seeking appointment of counsel (docket no. 7). The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S.

1023 (1987); *Knaubert*, 791 F.2d at 728.

Here, no evidentiary hearing appears necessary at this time. The Court concludes that the interests of justice do not require appointment of counsel at this time, as Petitioner has adequately presented the issues in the petition. Accordingly, Petitioner's motion for appointment of counsel (docket no. 7) is DENIED without prejudice to the Court's *sua sponte* reconsideration.

IT IS SO ORDERED.

DATED: March 31, 2008

JEFFREY S. WHITE
United States District Judge