In Propria Persona

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

Ronnell Hill,  ) NO. C07-3229 JSW
             )
    PETITIONER, ) TRAVERSE TO RETURN TO PETITION
             ) FOR WRIT OF HABEAS CORPUS
   v.        )
             )
F.B Haws et al., )
             )
    RESPONDENTS. )
             )
_____)

Ronnell Hill, Petitioner, makes this Traverse to Respondent's Return to his Petition for Writ of Habeas Corpus and alleges as follows:

    1. Paragraph Number __I__ of Respondent's Return is untrue because it alleges that Petitioner's custody is lawful and proper;

    2. Paragraph Number __III__ of Respondent's Return is untrue;

    3. Paragraph Number __IV__ of Respondent's Return is untrue;

    4. Paragraph Number _____ of Respondent's Return is untrue;

    5. Paragraph Number _____ of Respondent's Return is untrue;

    6. Paragraph Number _____ of Respondent's Return is untrue;

    7. Paragraph number _____ of Respondent's Return is untrue;

    8. Paragraph Number _____ of Respondent's Return is untrue;

1   9. Paragraph Number _____ of Respondent's Return is untrue;

2   10. Petitioner incorporates by reference and resubmits his Petition for Writ of Habeas Corpus as is fully set forth herein; and

4   11. Petitioner also incorporates by reference the Memorandum of Points and Authorities and exhibits to his Petition and this Traverse, specifically:

    Exhibit A, in support of Number  I   herein;

    Exhibit B, in support of Number  I   herein;

    Exhibit C, in support of Number  I   herein.

    Exhibit D, in Support of No.  I   herein.

    Exhibit E, in Support of No. II   herein

Dated  7.22.08 , 2008

Respectfully Submitted,

Romell /Lee

13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

2.

# Arguement
## I

3  Trial counsel did not function as counsel
4  gauranteed by the Sixth amendment so as
5  to provide reasonably effective assistance but
6  also that counsels errors were so serious as
7  to deprive petitioner of a fair trial because
8  of a reasonable probability that, but for
9  counsels unprofessional errors, the result
10 of the trial would have been different.

12 The benchmark for judging any claim of
13 ineffectiveness of counsel must be whether
14 counsels conduct so undermined proper
15 functioning of adversarial process that trial
16 cannot be relied on as having produced a just
17 result. Defendant must show that counsels
18 performance was deficient, requiring showing
19 that counsel made errors so serious that
20 counsel was not functioning as "counsel"
21 gauranteed defendant by the Sixth amend-
22 ment and, second defendant must show the
23 deficient performance prejudiced the defense
24 by showing that counsels errors were so
25 serious as to deprive defendant of a fair
26 trial, a trial whose result is reliable
27 (Strickland v Washington 466 U.S 668)
28 Trial counsel, in petitioners case represented

3.

1  conflicting interest in petitioners defense
2  strategy. Choosing a bizarre, inane and
3  incredible defense a "rough sex defense" (RT pp
4  349, 507, 586) with no merit and no reason-
5  ably substantial investigation into that line
6  of defense. It "rough sex defense", being in
7  conflict and not in line with petitioners
8  occurrence of events. (Jane Does jealousy of
9  another woman (RT pp. 513, 514, 516) and the
10 fact that Jane Doe was supposedly held
11 hostage yet, talked to Miriame alleged
12 mistress of petitioner, yet didnt ask for
13 help) nor even a plausible line of defense in
14 relation to the injuries of the alleged
15 victim, a tactic or a strategy that could
16 not be construed to be a sound tactical,
17 nor "sound trial strategy" furthermore
18 trial counsel undermined the confidence
19 of the outcome of the trial by refusing
20 to call as a critical witness for the
21 defense (Marsden Hearing July 1, 2004 p. 1258)
22 The defenses own investigator to impeach
23 the testimony of the prosecutions only
24 material witness the alleged victim Jane
25 Doe. Counsel further undermined the
26 defense by not revealing to the court,
27 nor the jury, the fact that Jane Doe
28 has not, one but two prior criminal

4

1. cases (See exhibit A) a fact that any
2. reasonably competent attorney would
3. have revealed to a jury so that Jane
4. Does (along with all the other factors so
5. listed in this petition) credibility could be
6. scrutinized and weighed on a scale, as well
7. as the petitioners, especially when Jane
8. Doe stated she had no criminal record
9. to the defense investigator (See exhibit B)
10. Jane Doe further stated in a sworn state-
11. ment to the defense' investigator that
12. she did not want her business revealed to
13. her parents (See exhibit B) pertaining to the
14. case at hand. Counsel instead of filing a
15. motion according to 868. of the penal Code
16. which states in relevant part "information
17. provided by the defendant or noticed by
18. the courts establishes that there is a
19. reasonable likelyhood that the attendance
20. of members of the alleged victims family
21. poses a risk of affecting the content of
22. the testimony of the victim or any other
23. witness". yet Jane Does parents were seated
24. in the front row. In part for this, and the
25. so said reasons above alone, the defense
26. investigator was crucial, if not the
27. mainframe of the petitioners defense.
28. Trial counsel did not offer not one piece

5.

1. of physical evidence, even excluding
2. petitioners booking photo (See exhibit C)
3. With a 6" wound to the rightside of petition-
4. ers head where, petitioner testified at trial
5. to being the initial hit by Jane Doe which,
6. Jane Doe denied at trial (RT p. 89) and
7. testifying officers denied petitioner
8. identifying during his initial statement to
9. officers (RT p 600) and officers admitted to
10. never even looking for a bookend, which
11. petitioner alleged to have been hit with
12. (RT p. 601) yet it was identified by petition-
13. er in his initial statement and officers
14. photographed the injury (See exhibit c)
15. There was only one pretrial motion. There
16. was no residue test done for the alleged
17. bottle top alleged to be put inside Jane
18. Does anus and although blood samples
19. were taken from the crime scene on knives
20. glasses, etc no investigation was gathered
21. to conclusively point to whom the blood
22. belonged. No fingerprint investigation done
23. by either the investigating officers (RT
24. pp 561, 562, 564) nor the defense on the
25. bottle top, several knives allegedly used or
26. anything else. Sexual assault evidence
27. was unconclusive (RT p 583) but even so, in
28. earlier testimony Jane Doe stated she

1  was not forced to have sex (Prelim. exam pp.
2  85, 86 and RT pp. 509, 510, 810) Jane Doe also
3  stated she was held hostage in the house
4  for four days, yet when police inventoried
5  the crime scene, a working telephone,
6  fax machine and house keys were present
7  in the home (Police report p. 8 of Jane
8  Does Statement) with all the evidence
9  available and with all the evidence
10 collected and at the disposal of both
11 sides, both sides still chose to set aside
12 all evidence and investigations and rely
13 instead on the sole credibility of Jane
14 Doe when the defense (trial counsel) had
15 beforehand knowledge that Jane Does
16 credibility was less then Sterling (See exhibit
17 D) I can understand the prosecutions
18 reasoning, but never the defenses. Through-
19 out petitioners case the petitioner was
20 subjected to ineffective assistance of
21 counsel (See May 14, 2003 Marsden Hearing)
22 and petitioner has filed in court to the
23 judge (10/02/03) 6 months before trial
24 a letter of petitioners dissatisfaction
25 with trial counsel (Petitioner has a copy
26 of letter filed) Trial counsel actively
27 represented conflicting interest (Cuyler v.
28 Sullivan 466 U.S 348, 350) by refusing to call

the defenses investigator to testify, adversely affecting counsels performance and the trials outcome. Combined with the before-mentioned errors, counsels errors being so serious as to deprive petitioner of his Sixth Amendment right to, reasonably effective counsel. Due to counsels deficient performance Jane Does credibility was never tested and inadequately challenged. Without Jane Does credibility being tested, everything testified to at trial, regarding any evidence or any alleged fact or statement by, Jane Doe must be viewed as suspect and unreliable, therefore lacking this critical element of the adverselrial process, credibility to produce just results, exposed petitioner to insurmountable prejudice which, cannot be construed as being tactical, nor harmless but fundamentally defective structural in error that must be corrected regardless of its effect on the trial because it violates basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence and no criminal punishment may be regarded as fundamentally fair automatically

1 | requiring reversal of petitioners convict-
2 | ions and petitioner remanded back to
3 | court for retrial

Dated: 7.22.08

Respectfully in Pro per

Romell Hill
Ronnell Hill

9

Arguement
II

4  Imposition of upper terms and imposition of
5  consecutive sentences for petitioners multiple
6  counts of conviction was unlawful and violated
7  petitioners federal Constitutional Rights to
8  proof beyond a reasonable doubt and a jury
9  trial (U.S Const., Amends. 5th, 6th, 14th) because
10 the factors cited to support them were neither
11 admitted by the petitioner, nor found by a
12 jury.

14 In Blakely V. Washington 542 US 296 the court
15 clarified the Statutory maximum for Apprendi
16 purposes is the maximum sentence a judge
17 may impose solely on the basis of facts
18 reflected in the jury verdict or admitted by
19 the defendant, here the court found it was
20 compelled to impose consecutive life sentences
21 based on facts not reflected in the jury
22 verdict, nor admitted by the petitioner,
23 making the courts sentencing factors invalid,
24 because the court did not find the existence
25 of those factors beyond a reasonable doubt
26 (Cunningham V. California. No. 05-6551.) While
27 that should be the end of the matter
28 a fact

1  that is an element of the crime." However,
2  shall not be used to impose the upper
3  term Rule 4.420(d) and unlike aggravating
4  circumstances, statutory enhancements
5  must be charged in the indictment and
6  petitioner has a right to an instruction
7  on each element of the offense of which
8  the petitioner is charged and the under-
9  lying facts must be proved to the jury
10 beyond a reasonable doubt. A fact under-
11 lying an enhancement cannot do double
12 duty; it cannot be used to impose an
13 upper term sentence and, on top of that,
14 an enhanced term. California's determinate
15 Sentencing law (DSL) assigns to the trial
16 judge not the jury, authority to find
17 the facts that expose a defendant to an
18 elevated "upper term" sentence. The facts
19 so found are neither inherent in the jury's
20 verdict, nor embraced by the defendants'
21 plea, and they need only be established
22 by preponderance of the evidence, not
23 beyond a reasonable doubt. The question
24 presented is whether the DSL, by placing
25 sentence-elevating factfinding within the
26 judges province, violates a defendants
27 right to trial by jury safeguarded by
28 the Sixth and fourteenth Amendments

United States Supreme Court precedent says that it does (Apprendi V New Jersey (2000) 530 U.S. 466) Ring V Arizona 536 U.S 584) (2002) Blakely V. Washington 542 U.S 296)(2004) (United States V Booker, 543 U.S. 220)(2005) (Cunningham V California No. 05-6551)(2007) and although the court denied the petitioner on his second claim stating an error in the interpretation or application of state law, which is not cognizable in federal habeas corpus. The petitioner respectfully states that the issue raised in that claim still falls under the blanket of Cunningham, being that the court cited four grounds for sentencing pursuant to 667 D yet none are sufficient to support courts sentencing choice, nor none supported by the record. Where a statute annexes a higher degree of punishment to a common-law felony, if committed under particular circumstances, an indictment for the offense, in order to bring the defendant within that higher degree of punishment, must expressly charge it to have been committed under those circumstances and must state the circumstances with certainty and precision and the prosecutor must prove at trial the

elements of the statutory offense. The factors the court cited are elements of the alleged crimes erroniously stated only, by the court which is contrary to and in direct conflict with what Jane Doe testified to at trial (RT pp 292-295) "It was all one act" "all the same incident" and certainly not taken before a jury and proven Beyond a Reasonable Doubt. But the state allowed the judge to find the required facts under a lesser standard of proof. Despite what appears to the petitioner the clear "elemental" nature of the factors here, the relevant inquiry is one not of form, but of effect, does the required finding expose the defendant to a greater punishment then that authorized by the jury's guilty verdict? The petitioner recieved 184 yrs to life Both in terms of absolute years behind bars, and because of the more severe stigma attached, the differential here is unquestionably of Constitutional Significance and definetely warrants a juries verdict on all factors (Apprendi v New Jersey 530 U.S 466) the california Supreme Court denied petitioners case without prejudice pending the decision

1 in the Cunningham Case (See exhibit E) Now
2 decided the Cunningham case should be the
3 end all to the end all of the governments
4 case setforth in United States Supreme
5 Court precedent for structural defects in the
6 constitution of the trial mechanism Warrants
7 per Se reversible error and that this court
8 revoke petitioners Sentence and remand back
9 to court for resentencing.

Respectfully in proper

Dated: 7.22.08

*Ronnell Hill*
Ronnell Hill



## AFFIDAVIT RE SUBPOENA DUCES TECUM
## DEFINITIONS

The following Definitions are applicable throughout this Subpoena Duces Tecum.

1.) "You" and "your" means you and any person acting or purporting to act on your behalf.

2.) "Document" means any writings and any other tangible thing(s) in your custody, possession or control or known to you, whether printed, recorded, reproduced by a process, or written or produced by hand, but not limited to, letters, reports, agreements and communications.

3.) The exact matter or things to be produced are the following:

**A.) Certified copy of the following dockets 308698HHJ and 354974B, Cynthia Anita Anderson, AKA: Cynthia Anita Moragne, Cynthia Anita Hill and Cynthia Anita Hall.**

**B.) Records search and certified copy of any and all dockets for Cynthia Anita Anderson, AKA: Cynthia Anita Moragne, Cynthia Anita Hill and Cynthia Anita Hall, DOB, March 28, 1961.**

These documents are necessary on a criminal matter pending in the Superior Court of Monterey County.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Salinas, California, on January 16, 2004.

_____
TERRANCE K. MCCLEEREY

# GARRY ST. CLAIR
## PRIVATE INVESTIGATIONS

---

### November 06, 2003
### Cynthia Hill
### Supplement to initial interview

Per request of client, see below additional information that this writer did not prepare in his interview with Cynthia.

Cynthia stated to me during my interview with her that Ronnell fabricated reports concerning her past involvement with any criminal wrongdoing. Cynthia stated that she was never involved with any bank robbery anywhere, nor involved with helping an old boyfriend steal from K-Mart. She admitted to using drugs in the past, but was very protective in that area.

Cynthia stated that she did not want her parents to find out her past as she is very private and did not want them to know some of the things she has done wrong in her past. She made it clear to this writer that her personal life is hers and she does not want it broadcasted.

I declare under the laws of California, that the foregoing is true and correct to the best of my knowledge.

Prepared by:

*[signature]*

Garry St. Clair
Private Investigations

# Dept of Public Safety
# MUGSHOT PROFILE

#C



② 

LOCATION:
RIGHT Side OF
Head

**HILL, RONNELL RAY**
(Last, First Middle)

| | | | | | |
|---|---|---|---|---|---|
| RACE: | B | HAIR LENGTH: | | BIRTH PLACE: | OAKLAND |
| SEX: | M | HAIR STYLE: | | OCCUPATION: | CASHIER |
| HT: | 600 | FACIAL HAIR: | | BOOK DATE: | 02/09/2003 |
| WT: | 240 | APPEARANCE: | | BOOK TIME: | 16:26 |
| HAIR: | BROWN | COMPLEXION: | | CHARGE 1: | 664/187 PC |
| EYES: | BROWN | DEMEANOR: | | CHARGE 2: | 236 PC |
| DOB: | 05/02/1967 | PHY IDENT 1: | | CHARGE 3: | 286(A) PC |
| AGE: | 35 | PHY IDENT 2: | | CHARGE 4: | 245(A)(1) PC |
| DL No: | C0558524 | PHY IDENT 3: | | CHARGE 5: | 1203.2(A) PC |
| DL State: | CA | | | CHARGE 6: | 273.5(A) PC |
| ID No: | 000055 | CII No: | | PHOTO No: | 03M00098 |
| SSN: | 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 | FBI No: | | BOOK No: | MJ0300055 |

**\*\*\*\* FOR LAW ENFORCEMENT USE ONLY \*\*\*\***

#D

## GARRY ST. CLAIR
## PRIVATE INVESTIGATIONS

### December 16, 2003
### Cynthia Hill

I spoke with Cynthia via phone at which time she shared additional information pertaining to this case.

Cynthia stated that she and her sister did not go and spend the night at Mrs. Porters after she was released from the hospital. Cynthia stated after she was released from the hospital she and her sister went directly to her sisters house to hide from Ronnell.

Cynthia stated that after she began healing from the incident, she talked with Mrs. Porter several times about the incident and what Ronnell did to her.

Regarding making reservations for her flight to Las Vegas, concerning the night of the alleged incident, Cynthia explained that she actually made reservations and had a courtesy hold on the ticket at the airport for if and when she arrived. Cynthia stated that she changed her mind, never going to the airport to buy the ticket.

Cynthia stated that she never told this writer that anyone in her past abused her, including her ex husband and ex boyfriend. I told Cynthia that she told me that both her ex husband Ronald Moragne, and her ex boyfriend Andre Kendrix, both physically abused her. I further told her that she told me that she filed charges against Andre Kendrix, for rape and abuse. Cynthia immediately denied ever telling me about anyone abusing her, except for Ronnell.

Cynthia told me that she and Ronnell had trouble with their relationship while they lived in Oakland. But Cynthia could not recall if the police ever became involved.

Cynthia suggested that I go see Laura, both her and Ronnell's friend, as she knows a lot about Ronnell and his drug usage. Cynthia shared that Laura works at the Goodwill in Pacific Grove.

Regarding the incident with Ronnell, Cynthia answered my question about her usage with drugs with Ronnell by stating; " He made me do crank or crack one time during that week." " I didn't know if I was going to live or not, I was fighting for my life." She further told me that she doesn't do drugs and doesn't know the difference between crank or crack, except that they are both white.

Regarding Myriam, Cynthia stated that she was aware that a male was staying with Myriam prior to the time that the incident occurred with her and Ronnell. Cynthia still believes that Ronnell was sleeping with Myriam prior to her incident with Ronnell.

Cynthia stated that she never saw Ronnell use a ladder to enter their apartment during the time he kept her captive. She stated that he did not need a ladder because he had the keys to the front door.

Court of Appeal, Sixth Appellate District - No. H027710
S140531

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

RONNELL RAY HILL, Defendant and Appellant.

Petition for review denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in *Cunningham v. California*, No. 05-6551, the effect of *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220, on California law.

SUPREME COURT
**FILED**

FEB 22 2006

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

1  PROOF OF SERVICE BY MAIL
2  (CCP §§1013(a), 2015.5; 28 U.S.C. §1746)
3
4  I, Ronnell Hill, hereby declare that I am over the age of 18, I am the
5  petitioner in the above-entitled cause of action, and my legal mailing address CSP/LAC – A3-
6  141, P.O. BOX 8457, Lancaster, CA 93539-8457.
7  On 7.22.08, I delegated to prison officials the task of mailing, via the
8  institution's internal mail system (*Houston v. Lack*, 487 US 266 [101 L.Ed.2d 245; 108 S.Ct.
9  2379] (1988)), the below entitled legal document(s): Traverse in return
10 of Writ of Habeas Corpus
11
12
13
14
15 by placing said documents in a properly addressed and sealed envelope, with postage fully pre-
16 paid, in the United States Mail, deposited in the manner provided by CSP/LAC, and addressed
17 as follows: Office of the clerk,
18 District Court, Northern Dist
19
20 450 Golden Gate Avenue
21 San Francisco, CA 94102
22
23 I further declare under penalty of perjury that the foregoing is true and correct to the best
24 of my knowledge. Executed this 22 day of July 2008 at California State
25 Prison – Los Angeles County.
26
27
28  Ronnell Hill